IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

LIONELL ELIJAH EPHRAIM, aka
Lionel Elizah Williams,

Plaintiff,

v.

Civil Action No. 1:11-0785
Criminal Case No. 2:90cr00149
Jury Trial Demanded

UNITED STATES OF AMERICA,

Defendant.

CIVIL LAWSUIT UNDER THE FEDERAL TORT CLAIMS ACT (FTCA)
PURSUANT TO TITLE 28 U.S.C.S. §§ 1346, 2671 - 2680 et seq.

NOW COMES, Lionell Elijah Ephraim, aka, Lionel Elizah Williams, your Plaintiff in the above-styled action, pro se and in proper person, bringing this Civil Lawsuit against the Defendant United States of America under the Federal Tort Claims Act (FTCA) pursuant to Title 28 U.S.C.S. §§ 1346, 2671 - 2680; and in support of his Civil Lawsuit your Plaintiff states as follows:

## Jurisdiction

This Court has jurisdiction to entertain this FTCA Lawsuit under Title 28 U.S.C. § 1346(b).

## Liability of the United States of America

The liability of the Defendant United States of America for its alleged tort against the Plaintiff is predicated on its waiver of sovereign immunity under the FTCA. Specifically, the FTCA makes the United States liable for torts "in the same manner and to the same extent as a private individual under like circumstances", 28 U.S.C. § 2674, "in accordance with the law of the place where the act or omission occurred," id. § 1346(b). Thus, where the tort, against the Plaintiff was committed by the Defendant United States of America in the State of West Virginia, the United States can be held liable because a "private individual under like circumstances" would be liable under the law of West Virginia.

## Notice Requirement Exhausted

Pursuant to Title 28 U.S.C. § 2671 et. seq., the Plaintiff has notified the Defendant of his claim under the FTCA by filing a "Notice of Claim" with the two federal agencies involved in the tort against him - the Federal Bureau of Prisons (FBOP) and the United States Marshals Service (USMS).

The FBOP denied the Plaintiff's tort claim on April 26, 2011 stating that the Defendant is not liable because "state law does not establish liability for a claim such as yours...". (See Attachment #1 - Letter of denial from FBOP, dated April 26, 2011).

The USMS denied the Plaintiff's tort claim on August 25, 2011 stating that "The USMS is not required to sign your Judgment and Commitment order". (See Attachment #2 - Letter of denial from USMS, dated August 25, 2011).

Thus, the notice requirement to the appropriate federal agencies have been exhausted, and because the Plaintiff's civil action is being brought within 6 months of the federal agencies' final denial of his tort claim, the Plaintiff's FTCA lawsuit is properly before this Court for adjudication on the matter. 28 U.S.C. § 2675.

Exemption From Liability Under § 2680(h) Inapplicable

Pursuant to 28 U.S.C. § 2680(h), certain types of intentional torts are exempted from liability under the FTCA. Plaintiff's claims of Abuse of Process and False Imprisonment potentially implicate these exemptions. However, the § 2680(h) exemptions do not apply to (and the Government may be liable for) these torts when committed by federal investigative or law enforcement officers. Under § 2680(h), investigative or law enforcement officer means "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violation of federal law". id. It is indisputable that both the United States Marshals and federal correctional officers are "investigative or law enforcement officers" within the meaning of § 2680(h). (Compare § 2680(h) definition of "investigative or law enforcement officer" with Title 18 U.S.C. § 3053 (Powers of Marshals and Deputies) and with Title 18 U.S.C. § 3050 (BOP Employees' Powers)).

TORT CLAIMS

Claim #1 - FALSE IMPRISONMENT

The United States, through the USMS and the FBOP, has unlawfully imprisoned plaintiff in violation of the Due Process Clause, federal statutes and the law of West Virginia.

Facts Supporting Claim #1

On December 14, 2006 plaintiff was delivered, by unknown law enforcement officers, to the United States Penitentiary-Hazelton in the State of West Virginia to be imprisoned pursuant to a Judgment & Commitment Order issued from the United States District Court, Eastern District of Virginia. Upon delivery of plaintiff to USP-Hazelton, the Commitment Order was executed by FBOP officials by filling in the date and location on the Return portion of the Commitment Order indicating when and where plaintiff was initially delivered to the custody of the FBOP, and by striking through the form printed titles of the U.S. Marshal and Deputy Marshal and printing the name of the Warden of USP-Hazelton, "Joe D. Driver", and striking through a previous signature of prison staff and writing their own signature in the place where the signature of the U.S. Marshal is required. (See Attachment #3 - Copy of Judgment & Commitment Order).

Effectively, FBOP prison officials altered the Commitment Order's preserved spaces for the USM's required and authorized signature in order to conform its execution to FBOP's internal policy of directing prison staff to execute Commitment Orders. (See Attachment #4 - Request for Administrative Remedy, Part B - Response). In addition, although the USMS is commanded by federal statute to execute the district court's Commitment Order, it did not do so because its own policy does not require the agency to endorse Commitment Orders. (See Attachment #2).

As a matter of Constitutional and federal law, the manner in which the United States, through the USMS and the FBOP, imprisoned plaintiff by altering and manipulating the Commitment Order in disregard for mandatory statutory procedures governing the execution of federal court orders and the process of imprisoning federal prisoners, was unlawful and renders the plaintiff's imprisonment unlawful under the law of West Virginia.

Pursuant to Title 28 USC § 566(a)&(c), the USMS "shall execute all lawful writs, process and orders issued under the authority of the United States...".

Pursuant to Title 18 USC § 3621(c) - Imprisonment of a Convicted Person - the Return portion of the original Commitment Order, issued from a U.S. District Court, must be endorsed or executed by the USMS and "shall be returned to the court that issued it".

Pursuant to Title 18 U.S.C. § 4001 - Limitation on Detention - A federal prisoner can only be committed to prison "pursuant to an Act of Congress".

Here, contrary to the mandatory Congressional directives found in Title 28 U.S.C. § 566(a)(c), Title 18 U.S.C. §§ 3621(c) and 4001(a), the USMS, as a matter of policy, did not execute nor return the plaintiff's commitment order to the district court that issued it, but instead, pursuant to its own policy, the FBOP altered the commitment order and endorsed it without Congressional or statutory authorization. Thus, the plaintiff has been committed to federal prison through the policies of the USMS and the FBOP, rather than by an "Act of Congress" as mandated by 18 U.S.C. § 4001.

It follows that plaintiff is currently falsely imprisoned by the United States, in violation of the Due Process Clause and the law of West Virginia.

Under the law of West Virginia, a claim of false imprisonment is a private right of action. Givens v. Main St. Bank, 2010 U.S. Dist. LEXIS 74106 (4th Dist. 2010). In order to establish a claim for false imprisonment in West Virginia, the plaintiff must establish: "(1) the detention of the person, and (2) the unlawfulness of the detention and restraint." Riffe v. Armstrong, 197 W.Va. 626, 477 S.E.2d 535, 552 (W.Va. 1996)(citing Williamson v. Glen, Alum Coal Co., 72 W.Va. 288, 78 S.E. 94, 95 (W.Va. 1913).

The plaintiff, without argument, is indeed being detained by the United States, which detention satisfies the first element of a false imprisonment claim under West Virginia law. West Virginia's final element - "the unlawfulness of the detention and restraint" - is also satisfied where the plaintiff's imprisonment has been implemented in violation of federal statutes and the Due Process Clause of the Fifth Amendment, and is therefore "unlawful".

It should be noted, that the plaintiff is not asserting an independent claim under federal law or the Federal Constitution. Rather, within the scope of the FTCA's waiver of sovereign immunity, plaintiff only seek to establish that the improper conduct of the United States as alleged in his lawsuit give rise to liability for a private person under West Virginia law.

Claim #2 - ABUSE OF PROCESS

The United States, through the USMS and the FBOP has abused the judicial and executive process for committing the plaintiff to the custody of the FBOP for detention and execution of his federal sentence, in that it has wilfully misused the imprisonment process to decrease the economic cost of the same and to make it more convenient for both federal agencies to carry out the imprisonment process.

Facts Supporting Claim #2

The facts supporting the plaintiff's Abuse of Process claim is a private right of action. Williamson v. Harden, 214 W.Va. 77, 585 S.E.2d 369 (W.Va. 2003); Bennett v. Equitable Trust Mortg. Corp., 2010 U.S. Dist. LEXIS 5013 (4th Dist. 2010). The essential elements of Abuse of Process are (1) an ulterior purpose, and (2) a wilful act in the use of the process not proper in the regular conduct of the proceeding. Preiser v. MacQueen, 177 W.Va. 273, 352 S.E.2d 22, 28 (W.Va. 1985).

Here, the United States, through the USMS and the FBOP, intentionally and improperly set aside the statutorily prescribed manner by which to lawfully imprison the plaintiff, and instead, followed its own policies- that were neither authorized by Congress nor did Congress give either agency any discretion to omit its due process safeguards from the imprisonment process- to imprison plaintiff for the purpose of convenience and economic gain.

RELIEF

The plaintiff seeks both compensatory and punitive damages against the Defendant United States of America, for the amount of $7,000,000.

Signed this 19th day of October, 2011.

SIGNATURE OF PLAINTIFF, PRO SE
Lionell Elijah Ephraim, aka
Lionel Elizah Williams
Reg. No. 24238-083
FCI McDowell
Post Office Box 1009
Welch, West Virginia 24801

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 19th day of October, 2011.

Lionell E. Ephraim, aka
Lionel E. Williams

ATTACHMENT #1



**U.S. Department of Justice**

Federal Bureau of Prisons

*Beckley Consolidated Legal Center*

*1600 Industrial Park Road, P.O. Box 1280*
*Beaver, West Virginia 25813*

April 26, 2011

Lionel Williams
Register No. 24238-083
FCI McDowell
P.O. Box 1009
Welch, WV 24801

Re: Administrative Claim No. TRT-MXR-2011-03562

Dear Mr. Williams:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq*., and authority granted under 28 C.F.R. § 0.172. You claim government liability in the amount of $7,000,000.00 for false imprisonment and abuse of process.

To be actionable under the Federal Tort Claims Act, a claim must allege that the United States would be liable to the claimant as a private person in accordance with the law of the place where the act or omission occurred. Because state law does not establish liability for a claim such as yours, the United States has not rendered itself liable and thus your claim is not cognizable.

Moreover, pursuant to 28 U.S.C. § 2680, the FTCA does not apply to any claim arising out of false imprisonment or abuse of process.

Based on the above, your claim is denied. This is a final denial of your claim. If you are not satisfied with this determination, you have six months from the date of this letter to bring suit in an appropriate United States District Court, should you wish to do so.

Sincerely,

Debbie Stevens
Supervisory Attorney

for:

Michelle T. Fuseyamore
Regional Counsel

ATTACHMENT #2



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*Alexandria, VA 22301-1025*

AUG 25 2011

**CERTIFIED MAIL #** 7008 1300 0001 7043 4150

Lionell E. Ephraim, Reg. #24238-083
F.C.I McDowell
P.O. Box 1009
Welch, WV 24801

**Re: Administrative Tort Claim**

Dear Mr. Ephraim:

This responds to the administrative tort claim you filed with the U.S. Marshals Service (USMS), in the amount of $7,000,000.00. The claim arises from the failure of a representative of U.S. Marshal Service to sign your Judgment and Commitment order. You allege that since it was unsigned, you are being "detained and falsely imprisoned."

Our review of this matter has disclosed no evidence of negligence or wrongdoing on the part of any USMS employee. The USMS is not required to sign Judgment and Commitment orders. Upon arrival at the receiving institution, the Judgment and Commitment Order is executed by the receiving Warden and a Corrections Officer, accepting you into their custody.

Accordingly, your administrative tort claim against the United States in the amount of $7,000,000.00 is denied. If you are dissatisfied with our determination, you may file suit in the appropriate U.S. District Court not later than six months after the date of the mailing of this notice of final denial.

Sincerely,

Gerald M. Auerbach
General Counsel

ATTACHMENT #3

24238-083

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

EASTERN District of VIRGINIA
NORFOLK DIVISION

FILED
DEC 13 1991
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA
V.
LIONEL ELIZAH WILLIAMS
(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR. 90-149-N---02

Andrew R. Sebok, Esq.
Defendant's Attorney

THE DEFENDANT:

☒ pleaded guilty to count(s) 1, 2 & 3 of the Superseding Information

☐ ~~was found guilty on count(s)~~ ~~after a plea of not guilty.~~

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| Title 18 U.S.C. §37 | Conspiracy to commit robbery (re: T.18:2113(a) | On or About 8/31/90 | Ct. 1 |
| Title 18 U.S.C. §2113(d) | Armed Robbery | On or About 8/20/90 | Ct. 2 |
| Title 18 U.S.C. §924(c)(1) | Use of Firearm in Commission of a Crime of Violence | On or About 8/20/90 | Ct. 3 |

91 DEC 13 AM 11
RECEIVED
UNITED STATES MARSHAL

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) -- and is discharged as to such count(s).

☒ ~~Count(s)~~ Original Indictment (as to this deft.) (is)(are) dismissed on the motion of the United States.

☒ It is ordered that the defendant shall pay a special assessment of $ 150.00, for count(s) 1, 2 & 3, which shall be due ☒ immediately ☐ as follows:
$50.00 as to each count.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 8-4-59

Defendant's Mailing Address:

Defendant's Residence Address:

A TRUE COPY, TESTE:
Doris R. Casey, Clerk
By [signature] Deputy Clerk

December 12, 1991
Date of Imposition of Sentence

[signature]
Signature of Judicial Officer

John A. MacKenzie, U. S. District Judge
Name & Title of Judicial Officer

December 12, 1991
Date

*U.S.GPO:1990-722-448/10286

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant: LIONEL ELIZAH WILLIAMS

Case Number: CR. 90-149N

Judgment—Page 2 of 5

## IMPRISONMENT

AS TO COUNT 1:

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SIXTY (60) MONTHS.

AS TO COUNT 2:

The defendant is hereby committed to the custody of the U. S. Bureau of Prisons to be imprisoned for a term of NINETY-SIX (96) MONTHS. Sentence as to Count 2 shall run consecutively with sentence imposed in Count 1.

AS TO COUNT 3:

The defendant is hereby committed to the custody of the U. S. Bureau of Prisons to be imprisoned for a term of SIXTY (60) MONTHS. Sentence as to Count 3 shall run consecutively with sentence imposed in Counts 1 and 2.

The Court waives the costs of confinement.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.

☐ The defendant shall surrender to the United States marshal for this district,

☐ at ______ a.m. p.m. on ______.

☐ as notified by the United States marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

☐ before 2 p.m. on ______.

☐ as notified by the United States marshal.

☐ as notified by the probation office.

cc: P.O. (2) (2)
Mshl. (3) (2)
U.S. Atty.
U.S. Coll
ob
Bur. of Prisons
Def. counsel
~~P.T.S.~~
~~C.V.B.~~
Financial

## RETURN

I have executed this judgment as follows:

Defendant delivered on Dec 14th 06 to USP Hazelton at Bruceton Mills, WV, with a certified copy of this judgment.

Joe D. Driver, Warden
~~United States Marshal~~

By [signature] ISO
~~Deputy Marshal~~

ATTACHMENT #4

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**FCC Butner**

**Request for Administrative Remedy**
**Part B - Response**

**Admin Remedy Number:** 579450-F1

This is in response to your Request for Administrative Remedy received March 5, 2010, wherein you insist you are being detained illegally due to the incorrect endorsement and execution of the return portion of your commitment order. You request that your commitment order be endorsed by U.S. Marshalls and returned to the sentencing court as mandated by federal law.

A review of your request reveals that your judgement was executed in accordance with Program Statement 5800.12, Receiving and Discharge Manual, dated December 31, 1997, Chapter 2, Page 2, Section 203, which deals with commitment documentation. "The Judgement and Commitment Order (J&C) is issued by a federal court on a sentenced inmate. It prescribes the specific sentencing provisions of the court. It is a statutory requirement that a certified copy of the J&C accompany the initial arrival of a sentenced inmate at his/her designated institution [old law - Title 18, U.S.C. 4084; SRA - Title 18, U.S.C. 3621©]. This document must bear the signature of the judge and the court seal. The Return on the reverse side must be properly executed by staff. If the certified copy of the J&C has not been executed, staff at the designated institution shall execute it upon the inmate's arrival. The United States Marshall Service (USMS) has been requested to include the date of original commitment to jail prior to sentencing on the Return information. This is essential in determining the amount of credit to be allowed for time in jail or prior custody before sentencing. If this information is not available from the Return, it should be obtained from the USM-129, Prison Population Management System form, or through contact with the USMS.

Based on the above information, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Mid-Atlantic Regional Office, 302 Sentinel Drive, Suite 200, Annapolis Junction, MD 20701. Your appeal must be received in the Regional Office within 20 calendar days from the date of this response.

3/17/10
Date

D. R. Stephens, Warden



⇔24238-083⇔
Lionell E Ephraim
Post Office Box 1009
Federal Correctional Institution
FCI Mcdowell
Welch, WV - 24801
United States

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
ROBERT G. BYRD US COURTHOUSE AND
IRS COMPLEX
110 NORTH HEBER STREET, ROOM 119
BECKLEY, WEST VIRGINIA 25801

"LEGAL MAIL"

FEDERAL CORRECTIONAL INSTITUTION
McDOWELL
PO BOX 1029
WELCH, WV 24801
DATE
THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS JURIS-
DICTION, YOU MAY WISH TO RETURN THE MATERIAL
FOR FURTHER INFORMATION OR CLARIFICATION. IF
THE WRITER ENCLOSES CORRESPONDENCE FOR
WARDING TO ANOTHER ADDRESSEE, PLEASE
IN THE ENCLOSURE TO THE ABOVE ADDRESS.

QUALITY PARK
9 1/2 x 12 1/2