UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **LIONELL ELIJAH EPHRAIM,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 1:11-0785 |
| **UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 21, 2011, Plaintiff, acting *pro se* and formerly incarcerated at FCI McDowell located in Welch, West Virginia, filed his Application to Proceed Without Prepayment of Fees and Costs and Complaint claiming entitlement to relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*[1] (Document Nos. 1 and 2.) In his Complaint, Plaintiff first alleges that "[t]he United States, through the USMS and the FBOP, has unlawfully imprisoned plaintiff in violation of the Due Process Clause, federal statutes and the law of West Virginia." (Id., p. 4.) Plaintiff explains that "[o]n December 14, 2006, plaintiff was delivered by unknown law enforcement officers to the United States Penitentiary-Hazelton in the State of West Virginia to be imprisoned pursuant to a Judgment and Commitment Order issued from the United States District Court for the Eastern District of Virginia." (Id.) Plaintiff complains that "[u]pon delivery of plaintiff to USP-Hazelton, the Commitment Order was executed by FBOP officials by filling in the date and location on the Return portion of the Commitment Order indicating when and where plaintiff was initially delivered to the custody of the FBOP, and by striking through the form printed titles of the

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

U.S. Marshal and Deputy Marshal and printing the name of the Warden of USP-Hazelton, 'Joe D. Driver,' and striking through a previous signature of prison staff and writing their own signature in the place where the signature of the U.S. Marshal is required." (Id.) Plaintiff argues that his current incarceration is unlawful because the foregoing invalidated his Judgment and Commitment Order. (Id., pp. 4 - 5.) Plaintiff states that he is falsely imprisoned because the "FBOP altered the commitment order and endorsed it without Congressional or statutory authorization." (Id., pp. 5 - 6.)

Second, Plaintiff argues that "[t]he United States, through the USMS and the FBOP, has abused the judicial and executive process for committing the plaintiff to the custody of the FBOP for detention and execution of his federal sentence, in that it has wilfully misused the imprisonment process to decrease the economic cost of the same and to make it more convenient for both federal agencies to carry out the imprisonment process." (Id., p. 7.) Plaintiff continues to argue that his imprisonment is unlawful because "the USMS and the FBOP intentionally and improperly set aside the statutorily prescribed manner to lawfully imprison the plaintiff." (Id.) As relief, Plaintiff requests "compensatory and punitive damages against the Defendant United States of America for the amount of $7,000,000."[2] (Id., p. 8.)

---

[2] To the extent Plaintiff is claiming relief pursuant to *Bivens*, the undersigned finds that his claim would be untimely. A Plaintiff must file a *Bivens* action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. *See Owens v. Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Under West Virginia law, the applicable period of limitations for a claim of false arrest and false imprisonment is one-year. *Wilt v. State Auto. Mut. Ins. Co.*, 203 W.Va. 165, 506 S.E.2d 608, 613 (1998); *also see Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 161 W.Va. 588, 244 S.E.2d 321 (1978). The applicable period of limitations for a claim of abuse of process is one year. Syl. Pt. 3, Preiser v. MacQueen, 177 W.Va. 273, 352 S.E.2d 22 (1985). Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. *See Brooks v. City of Winston-Salem, NC*, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, MD House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219

As Exhibits, Plaintiff attaches the following: (1) A copy of a letter dated April 26, 2011, from the United States Department of Justice denying Administrative Claim No. TRT-MXR-2011-03562 (Id., p. 10.); (2) A copy of a letter dated August 25, 2011, from the United States Department of Justice denying Plaintiff's Administrative Tort Claim (Id., p. 12.); (3) A copy of Plaintiff's "Judgment in A Criminal Case" as filed in the Eastern District of Virginia on December 13, 1991, in Case No. 90-cr-149 (Id., pp. 14 - 15); and (4) A copy of Warden D.R. Stephens' Response to Plaintiff's Request for Administrative Remedy dated March 17, 2010 (Id., p. 17.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490

---

(1996)(*citing United States v. Kubrick*, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" *Nasim*, 64 F.3d at 955 (*quoting, Childers Oil Co., Inc. v. Exxon Corp.*, 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a *Bivens* action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice -- e.g., by the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." *Nasim*, 64 F.3d at 955. Plaintiff alleges that he was subjected to false imprisonment and abuse of process on December 14, 2006, when his Judgment and Commitment Order was improperly executed. Accordingly, by applying the West Virginia one-year statute of limitation, together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action for false imprisonment and abuse of process expired on December 14, 2007, one-year from the date Plaintiff was detained pursuant to legal process.

U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiffs' allegations in view of applicable law.

## DISCUSSION

Plaintiff alleges that his Judgment and Commitment Order is invalid because it was not properly executed and returned by the United States Marshals Service. Petitioner, therefore, contends that he is entitled to compensation for false imprisonment and abuse of process. Plaintiff, however, does not allege that his conviction has been invalidated. Given the nature of Plaintiff's allegations, Plaintiff is implying that his conviction remains valid. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable FTCA claim pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See Bradshaw v. Jayaraman, 205 F.3d 1339 (6th Cir. 1999)(finding that the "holding in *Heck* bars such actions, whether brought under *Bivens*, or the FTCA"); Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995)("FTCA, like § 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments"); Deleston v. United States, 2012 WL 1949374 (D.S.C. May 11, 2012)(finding that the *Heck* doctrine bars claims brought by federal prisoners under the FTCA). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

4

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff, however, does not allege that his conviction has been invalidated. The undersigned notes that Plaintiff has unsuccessfully challenged the validity of his Judgment and Commitment Order in a Section 2241 Petition filed with this Court. Ephraim v. Cauley, 2014 WL 1338525 (S.D.W.Va. March 31, 2014)(J. Faber)(dismissing petitioner's Section 2241 Petition where petitioner claimed that his Judgment and Commitment Order was invalid because it was not properly executed). The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's FTCA claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that Plaintiffs' above claims be dismissed.[3]

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2.), **DISMISS** Plaintiff's Complaint (Document No. 1.), and remove this matter from the Court's docket.

---

[3] Plaintiff alleges that he was subjected to false imprisonment and abuse of process on December 14, 2006, when his Judgment and Commitment Order was improperly executed. Title 28 U.S.C. § 2401(b) provides that a tort claim must be presented to the appropriate federal agency within two years after the claim accrues and the lawsuit must be commenced within six months after the receipt of a final agency decision. Plaintiff's Administrative Tort Claim was denied by the FBOP on April 26, 2011. (Document No. 10.) Plaintiff's Administrative Tort Claim was denied by the USMS on August 25, 2011. (Document No. 12.) Considering the dates that Plaintiff's Administrative Tort Claims were denied, the undersigned finds that it is unlikely that he presented his tort claim to the appropriate federal agency within two years after the claim accrued (December 14, 2008).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 10, 2014.

R. Clarke VanDervort
United States Magistrate Judge