```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**LIONELL ELIJAH EPHRAIM,**

    **Plaintiff,**

v.                                    CIVIL ACTION NO. 1:11-0785

**UNITED STATES OF AMERICA,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

#### I.  Introduction

    By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendation ("PF&R").  Magistrate Judge VanDervort submitted his proposed findings and recommendation on September 10, 2014.  In that Proposed Findings and Recommendation, the magistrate judge recommended that this court deny plaintiff's application to proceed without prepayment of fees and costs, dismiss plaintiff's complaint, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363

(4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Plaintif filed timely objections to the Proposed Findings and Recommendation.  Because plaintiff filed his objections timely, this court has conducted a de novo review of the record as to those objections.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II.  Analysis

On October 21, 2011, plaintiff filed a Complaint alleging claims under the Federal Tort Claims Act ("FTCA").  Plaintiff first claim is one for false imprisonment in which he contends that "[t]he United States, through the USMS and the FBOP, has unlawfully imprisoned plaintiff in violation of the Due Process Clause, federal statutes and the law of West Virginia."  Complaint p. 4.  Ephraim's second claim is one for abuse of process.  In support of this claim, plaintiff states that "[t]he United States, through the USMS and the FBOP, has abused the judicial and executive process for committing the plaintiff to the custody of the FBOP for detention and execution of his

2

federal sentence, in that it has willfully misused the imprisonment process to decrease the economic cost of the same and to make it more convenient for both federal agencies to carry out the imprisonment process." Id. at p. 7.  Plaintiff's allegations stem from the failure of the United States Marshals Service to endorse the "Return" portion of Ephraim's Judgment and Commitment Order when it delivered him to USP Hazelton to begin serving his federal sentence.[1]  Instead, the Return section of the Judgment and Commitment Order is signed by Joe D. Driver, Warden of USP Hazelton.

Magistrate Judge VanDervort recommended dismissal of plaintiff's complaint on the ground that his claims herein are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Court held that

> in order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing the relationship to a conviction or sentence
> that has not been so invalidated is not cognizable
> under § 1983.

---

[1] The form has a signature line for a Deputy Marshal to sign on behalf of the United States Marshal.

Id. at 486-87.[2]  Noting that plaintiff had not demonstrated that his criminal conviction has been invalidated, Magistrate Judge VanDervort concluded that plaintiff's claims herein are subject to the Heck bar.  See Ballenger v. Owens, 352 F.3d 842, 847 (4th Cir. 2003) (holding that a plaintiff's illegal search and seizure claim against state trooper under § 1983 was not cognizable because judgment in plaintiff's favor would have implied the invalidity of conviction).

Ephraim's sole objection to the PF&R is to Magistrate Judge VanDervort's determination that his complaint is barred by Heck. According to plaintiff, a judgment in his favor would not necessarily imply the invalidity of his conviction or sentence and, therefore, Heck does not require dismissal.  While plaintiff is correct, as a general matter, that false imprisonment claims do not always necessarily implicate the validity of a conviction or sentence, in this case a judgment in his *favor would do so. In West Virginia, a plaintiff alleging false imprisonment must prove "(1) the detention of the person, and (2) the unlawfulness of the detention and restraint."  Riffer v. Armstrong, 477 S.E.2d 535, 552 (W. Va. 1996) (quoting Williamson v. Glen Alum Coal Co., 78 S.E. 94 (W. Va. 1913)).  Therefore, the only way plaintiff can

---

[2] Although Heck was a § 1983 case, numerous courts have applied it to FTCA actions.  Matthews v. United States, No. 1:12cv1473 (LO/TCB), 2015 WL 164805, *3 n. 2 (E.D. Va. Jan. 12, 2015) (and authorities cited therein).

4

prevail on his false imprisonment claim is to show that his conviction and/or sentence are illegal.  And, of course, to do so under the facts and circumstances of this case would necessarily imply that his conviction and/or sentence are invalid.  Therefore, Magistrate Judge VanDervort was correct that Ephraim's false imprisonment claim is barred by Heck and his objection is OVERRULED.

As to Ephraim's abuse of process claim, it is subject to dismissal for failure to state a claim.  In West Virginia, "abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process."  Williamson v. Harden, 214 W. Va. 77, 585 S.E.2d 369, 372 (W. Va. 2003) (quoting Preiser v. MacQueen, 177 W. Va. 273, 352 S.E.2d 22, 28 (W. Va. 1985)).  As the court explained in Preiser,

> Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.  The purpose for which the process is used, once it is issued, is the only thing of importance . . . .  The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding.  Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.

5

Preiser, 352 S.E.2d at 28 n. 8 (emphasis added) (quoting W. Prosser, Handbook of the Law of Torts § 121 (1971)); see also Deel v. West Virginia EMS Technical Support Network, Inc., Civil Action No. 2:06-1064, 2009 WL 2366524, *3 (S.D.W. Va. July 24, 2009).

Even accepting as true the factual allegations of his complaint, plaintiff's allegations fall woefully short of stating an abuse of process claim. Plaintiff has not alleged a "willful or malicious misuse" of process. Nor has he alleged the requisite improper purpose. For this reason, his abuse of process claim was properly dismissed and his objection is OVERRULED.[3]

---

[3] In a § 2241 habeas case, plaintiff previously contended that his judgment and commitment order was invalid because it was not properly executed and returned by the United States Marshals Service and that his detention was unlawful and violated Rule 55 of the Federal Rules of Criminal Procedure and the First and Fifth Amendments to the United States Constitution. Ephraim v. Cauley, 2014 WL 1338525 (S.D.W. Va. Mar. 31, 2014). The court disagreed and dismissed Ephraim's petition. See id. at *4 (and authorities cited therein).

Although advanced under a different guise, it is clear that plaintiff continues to believe that he is entitled to relief for the failure of the United States Marshals Service to execute the return on his Judgment and Commitment Order. However, no authority for this proposition exists. See Hall v. Loretto, 556 F. App'x 72, 73 (3d Cir. Feb. 18, 2014) ("Hall has not cited, nor have we located, any authority for the proposition that, where the United States Marshal (or his or her deputy) does not complete the 'return' section of a defendant's judgment and commitment order, the defendant's confinement is unlawful and he must be released."). 18 U.S.C. § 3621(c) provides that "[w]hen a prisoner, pursuant to a court order, is placed in the custody of a person in charge of a penal or correctional facility, a copy of

III.  Conclusion

For the reasons expressed herein, the court hereby OVERRULES plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation.  Accordingly, the court DENIES plaintiff's application to proceed without prepayment of fees and costs; DISMISSES plaintiff's complaint; and DIRECTS the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

---

the order shall be delivered to such person as evidence of this authority to hold the prisoner, and the original order, with the return endorsed thereon, shall be returned to the court that issued it."  (emphasis added).  The statute requires only that the return be endorsed, not that the United States Marshal Service be the one to do it.

7

standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 31st day of March, 2015.

ENTER:

David A. Faber
Senior United States District Judge